UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD DUFFIS CLAUDIO

v.               Case No. 8:03-cr-254-T-17TGW
                 8:07-cv-1504-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon Defendant Claudio's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. cv-6; cr-227). A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

PROCEDURAL HISTORY

On September 10, 2003, Claudio pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), 1903(g), and 1903(j), and 21 U.S.C. 960(b)(1)(B)(ii) (Count One of the Indictment). Docs. cr-47, cr-51, cr-1182 (transcript). On October 9, 2003, the Court accepted Claudio's guilty plea and adjudicated him guilty. Doc. cr-73.

In his plea agreement, Claudio expressly waived the right to appeal his sentence "directly or collaterally, on any ground, including the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward

departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . ." Doc. cr-47 at 12.

On May 18, 2004, this Court sentenced Claudio to 168 months of imprisonment, to be followed by 36 months of supervised release. Docs. cr-158, cr- 160 (judgment), and cr-178 (transcript). Claudio directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 04-12786-AA.[1] On appeal, Claudio raised one issue - that his sentence was unconstitutional pursuant to *Blakely v. Washington*. See Attachment 1 at 10-19.

On July 11, 2005, the United States Court of Appeals for the Eleventh Circuit remanded Claudio's case for resentencing, concluding:

> The district court did not err in proceeding to sentence Claudio after accepting his plea. Additionally, 21 U.S.C. § 960 is not unconstitutional as applied to Claudio. The district court plainly erred, however, in sentencing Claudio pursuant to a mandatory Guidelines system. Accordingly, we vacate Claudio's sentence and remand for resentencing consistent with *Booker*.

Doc. cr-192 at 8-9.

On January 25, 2006, the Court resentenced Claudio, in accordance with Booker, to 168 months' imprisonment, to be followed by 36 months of supervised release. Docs. cr-206, cr-209.  Claudio appealed this final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 06-10969-J.[2] On appeal, Claudio raised the following issue:

---

[1] A copy of Claudio's appellate brief is attached to Doc. cv-10 as Attachment 1.  A copy of the Government's brief is attached to Doc. cv-10 as Attachment 2.

[2] A copy of Claudio's appellate brief is attached to Doc. cv-10 at Attachment 3. A copy of the government's responsive motion for dismissal of appeal based upon the appeal waiver provision in Claudio's plea agreement is attached to Doc. cv-10 as Attachment 4.

> The 168-month sentence imposed in this case was unreasonably greater than necessary to fulfill the purposes of sentencing as stated by 18 U.S.C. § 3553(a).

*See Attachment 3* to Doc. cv-10 at 12-18. The Eleventh Circuit dismissed Claudio's appeal based on the valid appeal waiver contained in his plea agreement. Doc. cr-218 (USCA Order).

On August 23, 2007, Claudio timely filed his initial section 2255 motion and supporting memorandum of law. Docs. cv-1, cv-2. The Court denied Claudio's motion without prejudice and instructed him to file an amended motion in proper form. Doc. cv-5. On September 27, 2007, Claudio filed his amended section 2255 motion. Doc. cv-6.

In the motion to vacate, Claudio claims his counsel rendered ineffective assistance when he advised Claudio to enter a plea agreement with a sentence appeal waiver (Ground a - Claudio's Ground 1a) and also advised him incorrectly of his potential sentence (Ground b - Claudio's Ground 1b). Additionally, Claudio claims he was denied his right to contact his embassy or consulate upon his arrest (Ground c). Doc. cv-6 at 5-6.

## GUILTY PLEA WAIVER

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For a court to enforce such a waiver, the Government need only demonstrate either (1) that the Court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver). A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307

F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham,* 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *See also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 motion based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaints underlying the ineffective assistance claim were waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the motion to vacate); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Claudio waived his right to collaterally challenge his sentence.

Claudio's appeal waiver, contained in his plea agreement, includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived). Even if his counsel neglected to review the waiver with Claudio or gave him an

incorrect potential sentence prior to his entering his guilty plea, the record clearly shows the Court ensured Claudio expressly waived his right to challenge his sentence directly or collaterally. At Claudio's change-of-plea hearing, a United States Magistrate Judge reviewed with Claudio the waiver and stipulation provisions included in his plea agreement and confirmed that he understood the consequences of these provisions, including the appeal waiver:

> THE COURT: I also want to emphasize paragraph number five. First, I will tell you that, even though you are pleading guilty, you have a right to appeal your sentence. But under Paragraph Five, you limit the extent to which you can appeal your sentence. Under Paragraph Five, you can only appeal if there's an upwards departure by the sentencing Judge, a sentence above the statutory maximum or a sentence that violates the law apart from the sentencing guidelines. In particular, what you cannot appeal is the way the Court calculates the sentencing guidelines. Do you understand that?
>
> CLAUDIO: Yes.
>
> THE COURT: And furthermore, you can't come back to this Court at some later time and complain about the calculation either. Do you understand that?
>
> CLAUDIO: Yes.
>
> THE COURT: Do you have any question concerning that provision?
>
> CLAUDIO: No.
>
> THE COURT: And are you agreeing to that provision freely and voluntarily as part of this plea agreement?
>
> CLAUDIO: Yes.

Doc. cr-182 at 38-39.

The record demonstrates that Claudio understood the appeal waiver, as well as the potential sentence he faced. The Court informed Claudio that his sentence could be anywhere from the mandatory minimum sentence of ten years to a maximum sentence of

life imprisonment. Claudio did not have any questions for the Court regarding his potential penalties. Doc. cr-182 at 24. The Court further cautioned Claudio of any estimate of his sentence his counsel may have given him:

> THE COURT: . . . so, if your lawyer or someone else has given you an idea of what the guideline range will be, at this point it is only an estimate. Do you understand that?
>
> CLAUDIO: Yes.
>
> THE COURT: And if at the time of sentencing the sentencing guideline range and therefore, your sentence turns out to be less favorable than you hoped, you will not have a right to withdraw your plea of guilty. Do you understand that?
>
> CLAUDIO: Yes.

Doc. cr-182 at 28.

## DISCUSSION

**INEFFECTIVE ASSISTANCE OF COUNSEL - Grounds a and b**

Claudio claims his counsel rendered ineffective assistance when he advised Claudio to enter a plea agreement with a sentence appeal waiver (Ground a) and also advised him incorrectly of his potential sentence (Ground b). The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *See also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness

of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler*, 218 F.3d at 1313. This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland,* 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland,* 466 U.S. at 689-90). Therefore, "counsel cannot be

adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright,* 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Id.* Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Id.* at 1315. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317. Further, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

As demonstrated above, Claudio's claims are meritless. The record shows that the Court informed him of his potential sentence and warned him that any estimate provided to him by his counsel was merely that - an estimate. The Court further cautioned Claudio that if he received a sentence longer than what he had expected, he could not then withdraw his guilty plea. Claudio responded that he understood. He also understood he was waiving his rights under the terms of the plea agreement to challenge his sentence with few

exceptions. None of which are applicable in this instance. Doc. cr-182 at 24-28, 38-39. Therefore, Claudio cannot show that his counsel's performance was deficient or that he was prejudiced by his counsel's actions.

**RIGHT TO CONTACT EMBASSY - Ground c**

Claudio alleges that he was denied the right to contact his embassy or consulate upon being detained in the United States. In support, he alleges:

> Every foreign national who is a citizen of a country participating in the Vienna Convention treaty has an undeniable individual right to be informed that they can contact their embassy or consulate upon arrest or detention by the country in which they have been detained. The Seventh Circuit Court of Appeal [sic] ruled in 2005 that this right is afforded to individuals in Article 36 of the Vienna convention and therefore [sic] must be adhered to by agents of the United States Federal and State Law Enforcement Agents. Counsel was ineffective for not raising same.

The Court notes that the Seventh Circuit case cited by Claudio is not the prevailing view, and that the United States Supreme Court has never ruled on the issue of whether the Vienna Convention conveys a judicially enforceable judicial right.

*Article 36 of the Vienna Convention*

The Vienna Convention was drafted in 1963 for the purpose, as stated in its preamble, of "contribut[ing] to the development of friendly relations among nations, irrespective of their differing constitutional and social systems." 21 U.S.C. 77 at 79. Article 36 of the Vienna Convention provides that upon arrest, a foreign national has the right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right. *Id.* at art. 36(a)(b). The Supreme Court has not definitively decided the issue but has stated that the Vienna Convention "arguably confers on an individual the right to consular assistance following an arrest." *Breard v. Greene*, 523 U.S.

9

371, 376 (1998). More recently, in *Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669 (2006), the Supreme Court opted to leave open-ended the question of whether the Vienna Convention created enforceable individual rights, assuming without deciding that the Vienna Convention did create such rights. *Id.* at 2677. In *Sanchez-Llamas*, the Supreme Court held that, *assuming* the Vienna Convention created enforceable individual rights, suppression of the evidence via the exclusionary rule was not an appropriate remedy for violation of the Vienna Convention. *Id.* at 2678-79 (emphasis added). The Supreme Court's analysis was crafted specifically for the remedy of suppression of evidence via the exclusionary rule, and not for any other form of remedy. *Id.* at 2680-82.

Even if this Court were to assume that the Vienna Convention created an individually enforceable right, an individual claiming a violation of the Convention must show prejudice to prevail on his claim. *See Medellin v. Texas*, ---S.Ct.---,  2008 WL 762533 at *11 n4 (Mar. 25, 2008) (as in *Sanchez-Llamas*, 548 U.S., at 342-343, 126 S.Ct. 2669, we thus assume, without deciding, that Article 36 grants foreign nationals "an individually enforceable right to request that their consular officers be notified of their detention, and an accompanying right to be informed by authorities of the availability of consular notification.");  *Medellin v. Dretke*, 544 U.S. at 665 n.3 (citing and quoting *Breard v. Greene*, 523 U.S. 371, 375-77 (1998) ("a successful Vienna Convention claimant likely must demonstrate prejudice"); *United States v. Duarte-Acero*, 132 F.Supp.2d 1036 (S.D. Fla. 2001), *aff'd,* 296 F.3d 1277 (11th Cir.2002), *cert. denied*, 537 U.S. 1038 (2002); *Ortiz v. United States*, 2005 WL 2129191, at *8 (M.D. Fla. Sept. 2, 2005) (The Eleventh Circuit has declined to specifically find that the Vienna Convention creates a private cause of action enforceable by individuals, but has held that even if it does, no remedy is available absent a showing of

10

prejudice); *See also United States v. Rios Balderrama*, 2004 WL 2595940, at *5 (W.D. Tex. Nov.12, 2004) (defendant failed to show prejudice from alleged violation of Vienna Convention); *Deoca v. United States*, 2004 WL 96741, at *6 (D. Del. Jan.16, 2004) (violation of Vienna Convention not grounds for federal habeas relief if petitioner does not show how alleged violation affected plea agreement); *Hernandez v. United States*, 280 F.Supp.2d 118, 124-25 (S.D. N.Y. 2003) (petitioner must explain how consultation with consulate would have changed actions that he took in the case or altered the outcome of the case in some way).

## Procedural Bar

Claudio's claim that he was denied his right to contact his embassy or consulate upon his arrest is procedurally barred. Claudio failed to raise this claim in the District Court prior to judgment in his criminal case and on direct appeal in his criminal case. Thus, Claudio is not entitled to relief because he has procedurally defaulted his claim. Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 2362 (2002). Claudio has not shown cause or prejudice to overcome the procedural default.

In order to show sufficient cause to overcome the procedural default, Claudio must present a showing of some external impediment preventing counsel from constructing or raising the claim. *Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir.), *cert. denied*, 115 S. Ct. 1841 (1995) (citing *McCleskey v. Zant*, 499 U.S 467 (1991)). The futility of raising a claim

11

does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Nor do ordinary mistakes of counsel constitute cognizable cause. *See Murray v. Carrier,* 477 U.S. 478, 487-88 (1986).

Although Claudio claims no one, including his counsel, informed him of his right to contact a member of the Columbian Embassy, Claudio does not specify exactly how he was prejudiced by the Government's or his attorney's failure to notify him of his rights under the Vienna Convention. Claudio vaguely suggests the denial of notification of his right to consult with the Columbian Embassy led to his receiving ineffective assistance of counsel. He offers nothing more to show prejudice. See Doc. cv-2 at 9. Claudio's claims are procedurally barred and without merit.

Finally, the matter of an alleged violation of the agreement of the Vienna Convention on Consular Relations (VCCR) which arose pre-plea would be waived by the entry of Claudio's guilty plea. cf. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) (guilty plea waives claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding).

Accordingly, the Court orders:

That Claudio's motion to vacate (Doc. cv-6; cr-227) is denied. The Clerk is directed to enter judgment against Claudio in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 19, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Howard Duffis Claudio, pro se